IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NORRIS EDWARDS SMITH                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:05cv658-RHW

ALLSTATE INDEMNITY COMPANY
and JOHN DOES 1-3                                                       DEFENDANTS

## MEMORANDUM OPINION

Before the Court is the motion for summary judgment of Defendant Allstate Indemnity

Company, filed September 5, 2006 [24].  The Court, having considered the pleadings, the

stipulation of the plaintiff [23], the motion and its exhibits, Plaintiff's response, and the

memoranda of law filed by the parties, and being fully advised in the premises, finds and

concludes as follows:

### Findings of Fact

1.      Plaintiff Norris Edwards Smith (Smith), a citizen of Mississippi, owned a house

located at 3903 Clifton Street, Pascagoula, Mississippi.

2.      Defendant Allstate Indemnity Company (Allstate) is a corporation organized

under the laws of Illinois.  Allstate's principal place of business is Illinois.

3.      Smith insured his house by purchasing a standard homeowners insurance policy

from Allstate, identified as Policy Number 000910588451.

4.      The policy contained a hurricane deductible of $1,000.00 that applied to damage

to the dwelling, other structures and personal property.  Smith paid Allstate an annual policy

premium of $1,035.00.

5.      The policy  also contained the following provisions describing certain exclusions from coverage:

> **Losses We Do Not Cover Under Coverages A and B:**  We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by:
>
> 1.      Flood, including but not limited to surface water, waves, tidal water, or overflow of any body of water, or spray from any of these, whether or not driven by wind.
>
> **
>
> 4.      Water, or any other substance on or below the surface of the ground, regardless of its source.  This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premise.

6.      On August 29, 2005, during the policy period, Smith's residence was damaged during Hurricane Katrina.  Allstate sent an adjuster to inspect the damage to Smith's house, and adjust Smith's claim.

7.      Following the inspection and a determination of the cause of the damage to the Smith's property, Allstate estimated the cost of repairing the covered damage to Smith's property, and Allstate issued a Claim Summary to Smith.

8.      After application of the deductible, Allstate determined the total net insurance coverage benefits owed to Smith for covered damages to be $4,553.11 and Allstate tendered a check to Smith for that amount.

9.      On December 8, 2005, Smith filed suit in this Court alleging that Allstate failed to adequately pay him insurance policy benefits for the damage to his property.

10.      In his Complaint, Smith asserted claims of fraudulent and/or negligent misrepresentation, breach of contract, and negligence.  He also claimed that Allstate breached an implied covenant of good faith and fair dealing under the contract.

2

11.     The Court held a telephonic status conference on August 1, 2006, to determine the status of this action and to narrow the issues for determination by the Court.  During this conference, Smith agreed to enter a stipulation based on undisputed facts.

12.     On August 29, 2006, Smith stipulated that, other than those damages provided for in the $4,553.11 estimate, the damages to his home " were proximately caused by, and the result of rising water pushed by storm surge, and/or flooding of the Plaintiff's home." [Doc. 23, ¶ 4]

13.     Smith further stipulated he was withdrawing his claims of negligence and fraudulent and/or negligent misrepresentation.  [23, ¶ 5]

<u>Conclusions of Law</u>

14.     Smith's stipulation leaves in dispute only his claim that Allstate's denying coverage  for damage caused by and the result of rising water in the form of storm surge or flooding renders it liable for breach of contract and breach of the implied covenant of good faith and fair dealing under the contract.

15.     By order entered June 26, 2006 [21], the Court found that the policy provisions quoted in paragraph 5 above are clear and unambiguous, valid and enforceable, and that they should be enforced as written.

16.     The Court accordingly held that "the written insurance policy issued the plaintiff, Norris Edwards Smith, does not provide coverage for damages caused from Hurricane Katrina storm surge."

17.     Based on Smith's stipulation that the damage to his  house for which Allstate has not paid policy benefits was proximately caused by storm surge flooding, and based on the clear and unambiguous  language of Smith's Allstate policy, there is no genuine issue as to any material fact and Allstate is entitled to judgment as a matter of law.

3

18.     Accordingly, the Court concludes Allstate has no liability under the policy other than the benefits previously paid to Smith, and Allstate is entitled to judgment in its favor dismissing Smith's claim for breach of contract.

19.     Because Allstate has not breached its contract with Smith, it follows that Allstate's denial of coverage for the remaining damages did not breach any implied covenant arising from the contract, such that Allstate is further entitled to judgment dismissing Smith's claim on that basis.

20.     For the reasons stated, final judgment shall be entered in favor of Allstate dismissing the Complaint with prejudice.

SO ORDERED, this the 17th day of October, 2006.


/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE