IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLOTTE WILLIAMS**                                                     **PLAINTIFF**

v.                                            CIVIL ACTION NO. 1:06cv658BAF-JMR

**MISSISSIPPI STATE PORT AUTHORITY
AT GULFPORT; MISSISSIPPI STATE PORT
AUTHORITY; MISSISSIPPI DEVELOPMENT
AUTHORITY; TURBANA CORPORATION;
CHIQUITA FRESH NORTH AMERICA L.L.C.;
DOLE FOOD COMPANY, INC.; CROWLEY
AMERICAN TRANSPORT, INC.; CROWLEY
LINER SERVICES, INC.; ABC CORPORATION;
XYZ COMPANY**                                                              **DEFENDANTS**

---

**CROWLEY'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE EXPERT TESTIMONY OF
LIEUTENANT COLONEL RICHARD HENNING**

---

This Response is respectfully submitted on behalf of Defendant Crowley Liner Services, Inc. ("Crowley") in Opposition to Plaintiff's Motion to Exclude Expert Testimony of Lieutenant Colonel Richard Henning.[1]

Crowley designated Lt. Col. Henning, a thirteen-year member and officer in the U.S. 53rd Weather Reconnaissance Squadron known as the "Hurricane Hunters," to render his expert opinion on: (1) the unprecedented nature of Hurricane Katrina; and (2) the progression of wind speeds and water levels at Plaintiff's home during the landfall of Hurricane Katrina. Plaintiff's Motion and Memorandum in Support to Exclude Expert Testimony of Richard G. Henning (Dkts. 332, 346 and 347) ("Motion") is simply an

---

[1] Plaintiffs only attempt to exclude Lt. Col. Henning's testimony in the *Charlotte Williams* and *David and Susan Lindsey* expedited cases. Plaintiffs have not attempted to exclude Lt. Col. Henning's testimony as an expert in the *Wheeler*, *DeFazio* or *Cooper* cases.

1

attempt to blur the distinctions between Lt. Col. Henning's opinions and confuse the proper standard for the exclusion of expert testimony. Essentially, Plaintiff tries to use her disagreement with the precise winds speeds included in Lt. Col. Henning's opinion as a basis for portraying this as a typical wind versus water case as so many other cases before this Honorable Court and for arguing Lt. Col. Henning's testimony on the unprecedented nature of Hurricane Katrina is unreliable. She is simply wrong on both points. As will be shown in the Memorandum Brief in Support of Crowley's Response and through the exhibits attached thereto, Plaintiff's Motion is nothing more than a series of conclusory or misleading statements interspersed with citations to *Daubert* and its progeny.

Henning is qualified. The methodology is sound. The data is reliable.

WHEREFORE, PREMISES CONSIDERED, Crowley respectfully requests that Plaintiff's instant Motion to Exclude Expert Testimony of Richard G. Henning be denied.

Respectfully submitted, this the 3rd day of March, 2008.

CROWLEY LINER SERVICES, INC.

BY:   BALCH & BINGHAM LLP

BY:   s/ Ben H. Stone
       Of Counsel

BEN H. STONE (7934)
JONATHAN P. DYAL (99146)
R. MARK ALEXANDER (100748)
M. BRANT PETTIS (101976)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2008 I electronically transmitted the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    James L. Davis, III
    jamesldavisIII@aol.com

    Gary A. Hemphill
    gary.hemphill@phelps.com

    Thomas J. Wagner
    twagner@wb-lalaw.com

    Roland Samson
    rsamson@splawfirm.com

    s/ Ben H. Stone
    Of Counsel